IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| HAWAII LIFE REAL ESTATE SERVICES, LLC,<br><br>         Plaintiff,<br><br>    vs.<br><br>ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC., *et al.*,<br><br>         Defendants. | Case No. 21-cv-00161-DKW-WRP<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART MOTION TO REMAND, AND (2) REMANDING ACTION TO STATE CIRCUIT COURT** |

For the second time in several months, Defendants have removed this case to federal court. On the first go-round, this Court granted Plaintiff's motion to remand because the record did not clearly demonstrate that the case was removable based upon diversity. This time, armed with what they describe as "new information" from their brief return to State court, Defendants argue that they have timely removed this action within 30 days of obtaining such information−namely, the State court's purported "clarification" that an August 10, 2020 Order was intended to sever the State case into two separate actions, creating complete diversity in this one. As more fully discussed below, because the State court's "clarification" does not constitute a "new and different" ground for removal, the Court GRANTS Plaintiff's motion to remand, except for its requested fees and costs.

## RELEVANT BACKGROUND

On December 28, 2020, Defendants Associated Industries Insurance Company, Inc. and Amtrust North America, Inc. (collectively, Defendants) removed Plaintiff Hawaii Life Real Estate Services, LLC's (Plaintiff) Complaint to this Court. Said Complaint, filed on March 23, 2020, named Defendants and four other parties as defendants. Importantly, while Defendants and Plaintiff are and were jurisdictionally diverse, Plaintiff and the remaining named defendants were not. *See* Case No. 20-cv-00576-DKW-RT, Dkt. No. 24 at 2.

On June 30, 2020, the State court heard argument on a motion to sever the causes of action asserted against Defendants from all other causes of action. 6/30/20 Tr. at 2:5-11, Dkt. No. 8-5. After oral argument, the State court verbally granted the motion to sever. *Id*. at 25:21-26:5.[1] On August 10, 2020, the State court filed a written order reflecting its decision. Dkt. No. 8-6. Therein, the State court stated that the motion was granted pursuant to Rules 20(b) and 42(b) of the Hawaiʻi Rules of Civil Procedure and instructed Defendants to take all necessary steps "to effect the severance in a timely manner." *Id*. at 2. Plaintiff then moved for reconsideration of the order granting the motion to sever, which the State court denied by written order on November 30, 2020. Dkt. No. 1-4 at 263-265.

---

[1]The State court also instructed counsel for Defendants to prepare an order on the motion to sever. The record appears to reflect that the State court rejected the order proposed by Defendants, *see* Dkt. No. 12-5, and, instead, entered the order discussed below.

On December 28, 2020, Defendants filed the first notice of removal involving this case. *See* Case No. 20-cv-00576-DKW-RT, Dkt. No. 1. Succinctly, while Defendants argued that removal was proper on the basis of diversity jurisdiction following the State court's severance, Plaintiff argued that removal was untimely. This Court found that, based on the record presented, including the statutory references upon which the State court relied, diversity jurisdiction had not been clearly established because it was not clear that the claims against Defendants had been severed from the claims against the non-diverse defendants. *Id*., Dkt. No. 24. Therefore, on March 12, 2021, the Court granted the motion to remand.

On March 23, 2021, Defendants and Plaintiff appeared before the State court on a motion to clarify filed by Defendants. 3/23/21 Tr. at 3:13-14, 7:2-8, Dkt. No. 8-10.[2] Following oral argument, the State court granted the motion to clarify as follows:

> The motion for clarification−clarification is granted. What do you have to do? Follow the prior court orders. That's the clarification because the existing orders are sufficient. And the reason I say that, what you have to do is you have to work with multiple documents. There are moving pieces here.
>
> First of all, you have to work with the complaint. The complaint is the complaint that was filed on March 23rd. You have to look at the complaint[] and the counts in the complaint.

---

[2]Defendants and Plaintiff had also appeared before the State court the day before, on March 22, 2021, for similar reasons. That hearing, however, resulted in the State court effectively striking Defendants' filings, including a motion to clarify, on jurisdictional grounds. *See* 3/22/21 Tr. at 15:5-16:3, 19:6-15, Dkt. No. 8-9.

> Then you have to look at the motion to sever cases. So one of the disappointments that I have with the motion for clarification is I granted the motion that was filed by the Defendants, so if you need clarification on your own motion, then I–I–I'm trying not to say something that's gonna be insulting.

*Id.* at 12:21-13:12.

The same day, Defendants filed the instant notice of removal–the second involving this case. Dkt. No. 1. Therein, Defendants assert that removal was proper because, as clarified by the State court, complete diversity exists between the sides. Defendants also assert that removal was timely because it was made within 30 days of the State court's oral order granting the motion to clarify.

On April 5, 2021, Plaintiff filed a motion to remand. Dkt. No. 8. Plaintiff argues that removal was untimely because it was not performed within 30 days of either the State court's June 30, 2020 ruling that granted the motion to sever or the August 10, 2020 written order on the same motion. Defendants also request an award of attorneys' fees and costs in connection with this removal. On May 7, 2021, Defendants filed an opposition to the motion to remand, arguing that the State court's March 23, 2021 ruling created a "new and different" ground for removal, rendering the instant removal timely. Dkt. No. 12. Plaintiff has filed a reply in support of its motion to remand. Dkt. No. 14. This Order now follows.

## RELEVANT LEGAL PRINCIPLES

Pursuant to Sections 1441(a) and 1446(b) of Title 28, any civil action brought in a State court may be removed to federal court by a defendant provided that the federal court would have had original jurisdiction over the action, and the removal is timely. As relevant here, pursuant to Section 1332(a)(1) of Title 28, this Court has original jurisdiction over all civil actions involving an amount in controversy in excess of $75,000 and citizens of different States. In order to be timely, a defendant must remove a case from State court within one of two statutory windows. Either (1) a case must be removed within 30 days of receiving the initial pleading, or (2) "if the case stated by the initial pleading is not removable," within 30 days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3).

In addition, "[a]fter a remand, the defendant may generally not remove the case a second time. Nevertheless, a defendant who fails in an attempt to remove on the initial pleadings can file a removal petition when subsequent pleadings or events reveal a new and different ground for removal." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 789 (9th Cir. 2018) (citations and quotation omitted).

"[A]ny doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir.

2009). Further, Defendants have the burden of establishing that removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

## DISCUSSION

The parties dispute whether, in receiving supposed "clarification" from the State court following the first remand of this case, Defendants received "new" information and, thus, timely removed this case a second time. As more fully set forth below, the Court agrees with Plaintiff that whatever guidance or "clarification" the State court provided on March 23, 2021 did not reveal a "new and different ground for removal." Therefore, Defendants were not entitled to remove this case a second time, and the motion to remand must be GRANTED.

Defendants contend that the March 23, 2021 hearing before the State court provided the following information that constitutes "a significant change of circumstance…." Dkt. No. 12 at 14. They argue the State court clarified its intent to sever the underlying action into two, stated that a new written order effecting the severance was unnecessary, and told Defendants to contact a court administrator to effect severance. Defendants also contend that an "ambiguous" phrase in the August 10, 2020 State court order−which directed Defendants to "take all necessary and appropriate steps to effect the severance"−was clarified when Defendants were introduced to the court administrator responsible for helping them take the steps that they had to that point, for whatever reason, failed to take. *Id*. at 14-15.

None of the foregoing is new or represents a significant change of circumstances. First, the State court's intent was not "clarified" at the March 23, 2021 hearing. At the hearing, the State court merely told Defendants to "[f]ollow the prior court orders." 3/23/21 Tr. at 12:23. Thus, the State court's intent was no clearer following the March 23, 2021 hearing than it was in the "prior court orders." Second, the fact that the State court indicated that a new severance order was unnecessary does not support Defendants' position. Instead, it suggests exactly what the State court said: that the *prior* orders were "sufficient[,]" *id*. at 12:24, which hardly suggests a new or significant change in circumstances.

Third, this Court does not understand how introducing Defendants to a court administrator can constitute a change in circumstances, at least not for purposes of the instant analysis. Among other things, this contention, along with the others discussed above, does not provide a "new and different ground for removal." *See Fritsch*, 899 F.3d at 789. Each time Defendants have been before this Court on this matter, their contentions have focused on *severance,* the State court's intent to *sever*, and the diversity created by *severance*. Severance, in other words, is the exact same issue that was present in the *first* removal proceeding before this Court. Specifically, whether or not the State court had severed the claims involving Defendants so as to provide diversity jurisdiction. Nothing since this Court's March 12, 2021 Order, including having been introduced to a State court

7

administrator by the State court judge, has changed that basic premise.[3][4] Accordingly, because Defendants have failed to show that this second removal was proper, such as by setting forth a "new and different ground for removal," the motion to remand is GRANTED.[5]

This leaves Plaintiff's request for attorneys' fees and costs in connection with this proceeding. Under Section 1447(c) of Title 28, a court may award payment of attorneys' fees and costs when ordering the remand of a case. A court should do so, however, "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, although the Court has ordered the remand of this case, upon review of the record and arguments of counsel, the Court does not find that Defendants lacked an objectively reasonable basis for removing this case a second time. Therefore, the Court declines to award fees and costs to Plaintiff and DENIES the motion to remand to that extent.

---

[3] The Court also rejects Defendants' contention that the phrase, "take all necessary and appropriate steps to effect the severance…[,]" is ambiguous, at least from the perspective of any relevant part of the instant analysis.

[4] The Court notes that Defendants also mischaracterize this Court's March 12, 2021 Order. In their opposition, Defendants assert: "Based on this Court's remand order, the 30-day removal window under [Section] 1446(b)(3) never in fact began." Dkt. No. 12 at 2 (emphasis omitted). That statement is not based on anything the Court said or implied in the March 12, 2021 Order or elsewhere. Rather, in its Order, the Court found that the record did not clearly show that diversity jurisdiction existed over this case. Merely because *the record* was not clear does not mean that the 30-day clock had not already started.

[5] The Court, thus, need not address any other arguments for remand raised in the instant motion.

## **CONCLUSION**

As set forth herein, the motion to remand, Dkt. No. 8, is GRANTED IN PART and DENIED IN PART.  This case is hereby REMANDED to the Fifth Circuit Court for the State of Hawai'i, pursuant to Section 1447(c) of Title 28.  The Clerk is instructed to mail a certified copy of this Order to the clerk of the Fifth Circuit Court and then CLOSE this case.

IT IS SO ORDERED.

Dated: June 4, 2021 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge